Mindy Linda PANITCH, a minor, by her guardian ad litem, Individually, and as a member of a class, Plaintiff,

v.

The STATE OF WISCONSIN, Barbara Thompson, State Superintendent of Public Instruction, the State Department of Public Instruction, Board of School Directors of the City of Milwaukee, Individually, and as a member of a class, Defendants.

No. 72–C–461.

United States District Court, E. D. Wisconsin.

Aug. 8, 1978.

Peregrine, Marcuvitz, Cameron & Pelton, by Alan Marcuvitz, Milwaukee, Wis. for plaintiff.

Bronson C. LaFollette, Wisconsin Atty. Gen. by John W. Calhoun, Asst. Atty. Gen., Madison, Wis. for State.

Max C. Ashwill, State Dept. of Public Instruction, Madison, Wis., for Thompson.

Chernov, Croen & Goodstein by Aaron E. Goodstein, Milwaukee, Wis., for Guardian ad Litem.

James B. Brennan, City Atty. by Patrick B. McDonnell, Milwaukee, Wis., for Milw. School Bd.

Ela, Esch, Hart & Clark by James F. Clark, Madison, Wis., for Wis. Ass'n of School Boards.

Bruce Meredith, Staff Counsel, Wis. Ed. Ass'n Council, Madison, Wis., for amicus curiae.

Before GORDON and REYNOLDS, District Judges, and FAIRCHILD, Circuit Judge.

DECISION and ORDER

PER CURIAM.

There are two motions pending in this action: (1) the defendant state superintendent's motion for a stay of the attorney's fees award to the plaintiff; and (2) the plaintiff's motion for compliance reporting by the defendants. The state superintend-

454

ent's motion will be dismissed as moot, and the plaintiff's motion will be granted in part and denied in part.

■ The state superintendent's motion requests that the court stay the attorney's fee award made in the court's decision of April 18, 1978, until the United States Supreme Court renders a decision in *Hutto v. Finney,* cert. granted, 434 U.S. 901, 98 S.Ct. 295, 54 L.Ed.2d 187 (1977). *Hutto* raises the issue of the propriety under the Eleventh Amendment of an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, when the award is to be paid out of state funds. The Supreme Court has since the filing of the superintendent's motion rendered its decision in *Hutto* sustaining such an award of attorney's fees. *Hutto v. Finney,* ——— U.S. ———, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Accordingly, the superintendent's motion will be dismissed as moot.

The plaintiff's motion seeks an order requiring the superintendent of public instruction to submit reports to the court every four months detailing (1) the incidence of children with exceptional educational needs; (2) the extent of compliance with subchapter IV, Ch. 115, Wis.Stats., both statewide and by individually named school districts, in terms of identification, placement and programming; and (3) an up-dated report on the on-site and data review processes of the division of handicapped children. The motion also seeks an order requiring the defendant class representative to submit a report to the court every 4 months specifying what progress it has made towards compliance with subchapter IV and what further steps it proposes to make to effectuate complete compliance.

The plaintiff argues that the desired reports are necessary to monitor the defendants' efforts to comply with the injunction entered in this case. This court's previous denial of the plaintiff's motion for the appointment of a master tends to increase the need for an alternative means of assuring that the defendants are complying with the injunctive order.

The state defendants have not responded to the motion. The defendant class repre-

sentative, the Milwaukee School district, opposes the plaintiff's request that it be required to file a report in addition to the annual report it is required to submit to the superintendent under § 115.85(3), Wis.Stats. The contents of the annual report required by § 115.85(3) must include:

"(a) The total number of children who reside in the district and who have been placed in special education programs under s. 115.85(2), the exceptional educational needs of each such child and the school attended or special education received by each such child. The report shall also specify the number of children with exceptional educational needs who are known to the school district and who are under the age of 3 years and the exceptional educational needs of each such child.

"(b) A description of the screening process for exceptional educational needs provided under s. 115.80(2) to each child who enters public school in the district.

"(c) A description of the special education programs in which children who reside in the district have been placed under sub. (2), the number of persons attending each pursuant to sub. (2) and the qualifications of the staff of each such special education program.

"(d) An evaluation, in terms of the goals identified under s. 115.78(5), of the progress made by each special education program in which children who reside in the district are placed under sub. (2).

"(e) An evaluation of the progress made by each child who resides in a facility operated by the state or a county, who has attained the age of 3 years and whose parent resides in the district and a statement of the expected duration of the child's stay in such facility.

"(f) Plans for new, expanded, or reduced public school special education programs or for discontinuation of any such program or part of such program."

■ In our judgment, there is merit to the plaintiff's request for compliance reporting by the defendant superintendent. The injunction requires the defendants "promptly to provide all the members of the

plaintiff class with an education at public expense which is sufficient to their needs and generally equivalent to the education provided to nonhandicapped children." In the absence of periodic reports detailing the defendants' efforts to comply with the injunction, it would be difficult to assess the defendants' progress. Much of the information requested by the plaintiff is supplied in the course of the regular duties of the state superintendent. Thus, the requirement that these reports be made will not be a serious imposition on the state defendants and will permit the plaintiff and the court to monitor the implementation of the injunction.

We find it unnecessary, however, to require that the state superintendent report every four months. Semi-annual reports should be sufficient. Much of the requested information is required to be included in the annual reports of the school districts to the department of public instruction under § 115.85(3), Wis.Stats. Such reports are required to be filed on or before August 15 of each year. We believe that it is appropriate to require that the state superintendent file with the court and submit to the plaintiff reports on November 1 and May 1 for two consecutive years beginning November 1, 1978. The reports should include the information requested by the plaintiff's motion. The reports received from the school district by August 15 of each year should provide significant assistance in the preparation of the November 1 report.

We also find that the semi-annual reports filed by the state superintendent will be adequate to permit effective monitoring of the injunction without the need for any additional reporting by the class representative. As mentioned above, each school district is required under chapter 115 to submit annual reports to the state superintendent. Thus, the progress of the class representative and the other class members will be revealed in the state superintendent's reports. Accordingly, the motion to require reporting by the defendant class representative will be denied.

Therefore, IT IS ORDERED that the defendant state superintendent's motion for a stay of the attorney's fees award be and hereby is dismissed.

IT IS ALSO ORDERED that the plaintiff's motion for an order requiring compliance reporting be and hereby is granted as to the state superintendent but denied as to the defendant class representative.

IT IS FURTHER ORDERED that the defendant state superintendent serve and file reports as described in this decision on November 1 and May 1 for two consecutive years beginning on November 1, 1978.